# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Tampa Division

KEVIN J BOEVE

*Plaintiff(s)*

*(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

-v-

SOUTHSTATE BANK N.A.;
AKA SOUTHSTATE CORPORATION,
KAREN E. RUSHING

*Defendant(s)*

*(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)*

Case No. 8:25-cv-2646-WFJ-CPT.
*(to be filled in by the Clerk's Office)*

Jury Trial: *(check one)* ☒ Yes ☐ No

## COMPLAINT FOR A CIVIL CASE

**I. The Parties to This Complaint**

**A. The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | KEVIN J BOEVE |
| Street Address | 120 Rose Street |
| City and County | Venice Sarasota County |
| State and Zip Code | FL 34293 |
| Telephone Number | 616-566-7002 |
| E-mail Address | kevinboeve@proton.me |



**B. The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | SOUTHSTATE BANK N.A., SOUTHSTATE CORPORATION |
| Job or Title *(if known)* | |
| Street Address | 1101 First Street South |
| City and County | Winter Haven, Polk County |
| State and Zip Code | FL 33880 |
| Telephone Number | 863-551-5500 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | KAREN E RUSHING |
| Job or Title *(if known)* | CLERK OF THE CIRCUIT COURT |
| Street Address | 2000 Main St |
| City and County | Sarasota, Sarasota County |
| State and Zip Code | FL 34237 |
| Telephone Number | 941-864-7400 |
| E-mail Address *(if known)* | |

Defendant No. 3

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |

E-mail Address *(if known)*

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Truth in Lending Act (TILA), 15 U.S.C. § 1601
Real Estate Settlements Procedures Act(RESPA), 12 U.S.C. § 2601
Application for notes, 12 U.S.C. § 412
Obligation or other security of the United States, 18 U.S.C. § 8
Peonage, 18 U.S.C. § 1581
Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), 12 U.S.C. § 1833a
Racketeer Influence and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968
Mail Fraud and Wire Fraud, 18 U.S.C. §§ 1341, 1343

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

a. If the plaintiff is an individual

The plaintiff, *(name)* __________, is a citizen of the State of *(name)* __________.

b. If the plaintiff is a corporation

The plaintiff, *(name)* KEVIN J BOEVE, is incorporated under the laws of the State of *(name)* Florida, and has its principal place of business in the State of *(name)* Florida.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

a. If the defendant is an individual

The defendant, *(name)* KAREN E. RUSHING, is a citizen of the State of *(name)* FLORIDA. Or is a citizen of *(foreign nation)* ________.

b. If the defendant is a corporation

The defendant, *(name)* SOUTHSTATE BANK N.A., is incorporated under the laws of the State of *(name)* FLORIDA, and has its principal place of business in the State of *(name)* FLORIDA. Or is incorporated under the laws of *(foreign nation)* ________, and has its principal place of business in *(name)* ________.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3. The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

Refund extraneous payments made on account 1486505264, estimated to be $70,200.59, based off mortgage statements created by defendant.

Refund/return coupon payment made by plaintiff on February 5th 2024 of $340,206.57

$1,000,000.00 for fraud per plaintiff's Transgression Fee schedule item (r.).

$100,000.00 for failure to provide full contract signed by all parties per plaintiff's Transgression Fee schedule item (o.).

$700,000.00, for 7 occurances(from October 25, 2023 to date) of non response and/or incomplete response per plaintiff's Transgression Fee schedule item (q.).

$1,000,000.00 for dishonor in commerce per plaintiff's Transgression Fee schedule item (u.).

$100,000.00 for rejecting/ignoring plaintiff's coupon/payment per plaintiff's Transgression Fee schedule item (hh.).

$440,206.57 for refusing to discharge debt per plaintiff's Transgression Fee schedule item (ii.).

In summary the above amounts total $3,750,613.73 (three-million seven-hundred-fifty thousand six-hundred thirteen dollars (USD) & 73/100). Please note this does not include the amount in damages included in paragraph 83 in the relief section(IV.).

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

COMES NOW, person KEVIN J BOEVE, presented by man Kevin J Boeve, allege and state as follows: (Please note that the spelling of each name is important and will always be as above throughout this complaint for clarity in the court.)

INTRODUCTION

1. The plaintiff's cause of action is brought before this Honorable Court for actual, statutory, and punitive damages, against Defendant SOUTHSTATE BANK N.A. AKA SOUTH STATE BANK N.A. (hereafter, collectively "SOUTHSTATE BANK"), for peonage by subjecting plaintiff to being held in debt servitude due to fraud, pursuant to 18 U.S.C. § 1581, et al., under threat of foreclosure.

JURISDICTION AND VENUE

2. Through the power of naturalization, found in 8 U.S.C. § 1101(a)(23), Kevin J Boeve confers the nationality of the State called "STATE OF FLORIDA" on KEVIN J BOEVE, after birth, by any means whatsoever. This satisfies the jurisdictional requirements of the court.

3. Defendant conducts business in the STATE of FLORIDA. SOUTHSTATE BANK has filing dates listed as 6/22/2020 and 2/3/2022, and is within the jurisdiction of this court.

4. Defendant KAREN E. RUSHING conducts business in the STATE of FLORIDA, and is within the jurisdiction of this court.

PARTIES

5. Plaintiff is a person residing in Sarasota County, Florida.

6. Plaintiff resided in Sarasota County, Florida, at all times relevant and related to Plaintiff's stated herein took place in and around Polk and Sarasota County, Florida.

7. Defendant SOUTHSTATE BANK is listed by the Florida Secretary of State under the "Entity Name(s)". SOUTHSTATE BANK N.A. & SOUTH STATE BANK N.A.. Defendant's principal place of business address is 1101 1st Street South Suite 202, Winter Haven, Florida 33881.

8. Defendant KAREN E. RUSHING was elected as Clerk of the Circuit Court and County Comptroller for SARASOTA COUNTY FLORIDA in 1987. Defendant's principal place of business address is 2000 Main Street, Sarasota, Florida 34237.

9. Defendant, Clerk of the Circuit Court of Sarasota County ("Clerk"), is the constitutional officer responsible for administering foreclosure proceedings in Sarasota County, including docketing foreclosure cases and conducting foreclosure sales.

10. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

11. Defendant's agents, employees, officers, members, directors, and representatives were working within the course and scope of their employment when taking the actions stated herein.

GENERAL FACTUAL ALLEGATIONS

12. KEVIN J BOEVE is entitled to full faith and credit of the United States of America.

13. KEVIN J BOEVE has a account/loan #1486505264 with SOUTHSTATE BANK.

14. Kevin J Boeve gave permission to SOUTHSTATE BANK to access and use the credit of KEVIN J BOEVE.

15. From the year 2022, this account was improperly performed on by Kevin J Boeve on behalf of KEVIN J BOEVE due to SOUTHSTATE BANK's concealment misrepresentation of the alleged loan.

16. Improper performance was by submitting extraneous negotiable instruments called Federal Reserve Notes.

17. Proper performance would have been to indorse the original collateral security under special negotiation, prior to it being exchanged for Federal Reserve Notes.

18. Kevin J Boeve did not do a special indorsement on the original collateral security.

19. Had Kevin J Boeve known, Kevin J Boeve would have done a special indorsement on the collateral security all the way from the beginning.

20. Kevin J Boeve never intended to do ANY blank indorsements on behalf of KEVIN J BOEVE.

21. Proper performance is done primarily through clear orders and special indorsements.

22. Improper performance is done with blank indorsements and lack of orders.

23. Improper performance unbalances the accounting.

24. There was a promissory note made on this loan.

25. A "Promissory note" and "note" mean the same thing.

26. Federal Reserve Notes are promissory notes.

27. Federal Reserve Notes are negotiable instruments.

28. All promissory notes are collateral securities in accordance with 12 U.S.C. § 412.

29. Each month there was a billing statement generated on the above account.

30. A "billing statement" is an unconditional order to pay.

31. A "billing statement" or "bill" or any similar language, is another term to describe a "bill of exchange".

32. An unconditional order to pay is a bill of exchange.

33. A bill of exchange is a negotiable instrument.

34. Bills of exchange are collateral securities in accordance with 12 U.S.C. § 412.

35. All promissory notes produced by KEVIN J BOEVE are under the purview of 18 U.S.C. § 8.

36. All bills of exchange sent to KEVIN J BOEVE are under the purview of 18 U.S.C. § 8.

37. The Federal Reserve Bank is the custodian to pay on behalf of obligations or other securities of the United States (18 U.S.C. § 8).

38. February 5, 2024, non-negotiable notice and request for full disclosure on loan # 1486505264 was sent to SOUTHSTATE BANK via USPS certified mail # 9589 0710 5270 1227 1465 66.

39. February 5, 2024, payoff for loan # 1486505264 was requested and delivered by email to kevinboeve@protonmail.com.

40. Payoff statement indicated an amount of $340,206.57 to pay the loan(#1486505264) in full.

41. February 5, 2024, payment was tendered with payment coupon of $340,206.57 in accordance with UCC 3-311 and UCC 3-603 was sent to SOUTHSTATE BANK via USPS certified mail # 9589 0710 5270 1277 1464 81.

42. USPS Return Receipt card indicated documents in paragraph 37 were received by SOUTHSTATE BANK agent Melissa Myers on February 7, 2024.

43. USPS Return Receipt card indicated payment in paragraph 40 was received by SOUTHSTATE BANK agent J Simon on February 8, 2024.

44. March 6, 2024, 2nd non-negotiable notice and request for full disclosure on loan # 1486505264 with fee schedule for Kevin J Boeve was sent to SOUTHSTATE BANK via USPS certified mail # 9589 0710 5270 1277 1466 27.

45. USPS Return Receipt card indicated documents in paragraph 43 were received by SOUTHSTATE BANK agent Kai on March 9, 2024.

46. August 9, 2024, loan was settled by the authorized representative of KEVIN J BOEVE in accordance with UCC 5-108 sent to SOUTHSTATE representative Anthony Cosgrove via USPS certified mail # 9589 0710 5270 1704 0864 96.

47. On information and belief, Defendant SOUTHSTATE BANK has caused or is attempting to cause a foreclosure sale of Plaintiff's property through proceedings in the Circuit Court of Sarasota County.

48. The Clerk, as ministerial officer, is tasked with conducting such foreclosure sale under state law.

49. Plaintiff asserts that any foreclosure or sale based on the Bank's false lien and fraudulent actions would inflict immediate and irreparable harm on Plaintiff, including wrongful deprivation of property, loss of homestead, and violation of constitutional due process rights.

50. Any previous arbitration clauses or agreements are hereby void to the extreme alleged felonies and fraud associated with this case. Also, any real property involved in this case are no longer collateral on any loans due to the original collateral security (note) being the only collateral needed to secure this alleged loan.

COUNT ONE - BREACH OF DUTY

51. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-50.

52. SOUTHSTATE BANK breached it's contractual obligations by concealing material terms, converting the note security into a different currency species without permission and retaining proceeds not belonging to the defendant.

53. While several attempts by plaintiff were made to get the true terms of the contract no valid response with actual terms and conditions were ever supplied by SOUTHSTATE BANK.

54. Multiple attempts were made by plaintiff to perform on the loan. SOUTHSTATE BANK choose to ignore and/or not recognize the performance of plaintiff.

55. This dishonor caused anxiety and depression due to plaintiff not getting the information needed to properly move forward, clarify or complete and/or settle alleged fraudulent debt honorably.

COUNT TWO – FRUADULENT MISREPRESENTATION AND CONCEALMENT

56. Plaintiff alleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-50.

57. SOUTHSTATE BANK knowingly concealed material facts regarding the terms and conditions of the loan, the handling of security, and the filing of a lien.

COUNT THREE - CONVERSION

58. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-50.

59. SOUTHSTATE BANK wrongfully exercised control over plaintiff's property and proceeds, depriving plaintiff of rightful ownership.

COUNT FOUR – WRONGFUL LIEN / SLANDER OF TITLE

60. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-50.

61. SOUTHSTATE BANK filed and recorded a false lien against plaintiff's property without legal or contractual authority.

62. The lien has impaired plaintiff's property rights and caused damages.

COUNT FIVE -DECLARATORY AND INJUNCTIVE RELIEF (Against All Defendants)

63. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-50.

64. Plaintiff seeks declaratory judgment that the lien and foreclosure actions are void and unenforceable, and injunctive relief restraining Defendants from conducting or enforcing any foreclosure sale based on the disputed lien.

65. An actual controversy exists regarding the validity of SOUTHSTATE BANK's claimed interest. Plaintiff seeks a judicial declaration that defendant has no lawful lien or claim against plaintiff's property.

REQUEST FOR TEMPORARY RESTRAINING ORDER (TRO)

66. Plaintiff realleges and restates the foregoing jurisdictional allegations and general factual allegations in paragraphs 1-50.

67. Pursuant to Federal Rule of Civil Procedure 65(b), Plaintiff requests a Temporary Restraining Order prohibiting the Clerk of the Circuit Court of Sarasota County and SOUTHSTATE BANK from scheduling, noticing, or conducting any foreclosure sale of Plaintiff's property until this Court has resolved the merits of Plaintiff's claims.

68. Plaintiff will suffer irreparable harm if the foreclosure sale proceeds, as it would cause the loss of Plaintiff's home and property interests, which cannot be fully compensated by money damages.

69. Plaintiff demonstrates a likelihood of success on the merits due to Defendants' fraudulent concealment, conversion, and filing of a false lien.

70. The balance of equities tips in Plaintiff's favor, as Defendants would suffer no legitimate harm from temporarily halting an unlawful foreclosure, while Plaintiff faces devastating consequences if the sale occurs.

71. An injunction serves the public interest by preventing fraud and protecting property rights.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

72. Full discharge of above alleged loan and cancellation of mortgage and/or any alleged contracts between plaintiff and defendant.

73. Removal of any and all plaintiff's negative/derogatory credit reporting at all credit bureaus.

74. Full release of all interest and any liens on the property.

75. Full refund of each individual extraneous payments made on the account, including all the amounts currently held in escrow, in Federal Reserve Notes.

76. Return original payment coupon (paragraph 40) or equivalent value in Federal Reserve Notes.

77. Fraud per Transgression Fee (r.) $1,000,000.00 (one-million). Payable in Federal Reserve Notes

78. Failure to provide contract signed by all parties assessed per Transgression Fee violation (o.) $100,000.00 (one-hundred thousand). Payable in Federal Reserve Notes.

79. Default by non response or incomplete response assessed per Transgression Fee violation (q.) $700,000.00 (seven-hundred thousand). Payable in Federal Reserve Notes.

80. Dishonor in commerce assessed per Transgression Fee violation (u.) $1,000,000.00 (one-million). Payable in Federal Reserve Notes.

81. Rejecting coupon/payment assessed per Transgression Fee violation (hh.) $100,000.00 (one-hundred thousand). Payable in Federal Reserve Notes.

82. Refusal to discharge debt assessed per Transgression Fee violation (ii.) $100,000.00 (one-hundred thousand) plus current alleged debt amount. Payable in Federal Reserve Notes.

83. $45,000,000.00 (fortyfive-million) in damages. Payable in Federal Reserve Notes.

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:

Signature of Plaintiff All rights reserved, without prejudice, without recourse

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 9/26/2025

by: Kevin-J: Boeve:

Signature of Plaintiff All rights reserved, without prejudice, without recourse

Printed Name of Plaintiff for: KEVIN J BOEVE

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address